# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ALLEN GEORGE,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>  Defendant. | Case No. SA CV 13-0124 (JCG)<br><br>**MEMORANDUM OPINION AND ORDER** |

Brent Allen George ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits.  Three issues are presented for decision here:

  1.  Whether the Administrative Law Judge ("ALJ") improperly rejected the opinions of Plaintiff's treating psychiatrists, Drs. Arey and Beheshti, (*see* Joint Stip. at 7-13);

  2.  Whether the ALJ improperly rejected Plaintiff's credibility, (*see id.* at 7, 19-23); and

---

[1]  Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R. Civ. P. 25(d).

3.     Whether the ALJ improperly rejected the lay testimony of Plaintiff's brother, Braun George, (*see id.* at 7, 19-21).

The Court addresses, and rejects, Plaintiff's contentions below.

A.     <u>The ALJ's Rejection of Plaintiff's Treating Psychiatrists' Opinions</u>

Plaintiff first asserts that the ALJ improperly rejected the opinions of his treating psychiatrists, Drs. Britton Arey and Sayeh Beheshti. (Joint Stip. at 7-13.) The Court disagrees.

"If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Here, the ALJ gave two valid reasons for discrediting the opinions of Drs. Arey and Beheshti.

First, the ALJ properly found that the psychiatrists' opinions are contradicted by Plaintiff's testimony. *See Magallanes v. Bowen*, 747, 751-53 (9th Cir. 1989) (finding "ALJ [properly] rejected [treating physician's] opinion based on the claimant's own testimony"). Here, Dr. Arey suggests that Plaintiff's symptoms have "render[ed] him unable to perform any type of work" since 1995. (AR at 494.) Specifically, Plaintiff's symptoms cause him to "decompensate" and "miss more than three days of work a month." (*Id.*) Dr. Arey further finds that even low-stress jobs cause "a marked increase in [Plaintiff's] symptoms which have caused him to quit." (*Id.*) Dr. Beheshti, for his part, suggests that "[Plaintiff's] auditory hallucinations interfere with his ability to follow instructions or focus on any task." (*Id.* at 485.) He concludes that Plaintiff is unable to work through the voices. (*Id.*)

The doctors' opinions, however, are belied by Plaintiff's testimony of a long and successful work history. For example, Plaintiff testified that he worked at

2

1    Domino's Pizza from 1998 to 2010[2/] "with no increasing symptoms."  (AR at 46,
2    59.)  He stopped because "it was just too much stress for [him]."  (*Id.* at 46.)  Yet,
3    Plaintiff admitted that the job had always been stressful.  (*Id.* at 47.)  Indeed,
4    Plaintiff stated that "nothing," had changed to make him quit.  (*Id.*)  He "just [got]
5    tired of it."  (*Id.*)

6        Plaintiff's also testified that his auditory hallucinations do *not* preclude all
7    employment, as the doctors suggest.  (*Id*. at 55.)  Plaintiff conceded that he was able
8    to "work through" the voices while at Domino's.  (*Id.* at 62.)  They had not caused
9    him to miss work or take extra breaks, as Dr. Arey alleges.  (*See id*. at 62, 74-75.)
10   Further, the voices had been present "the whole time" he was working.  (*Id.* at 47,
11   55.)  Indeed, neither the voices nor Plaintiff's other symptoms have worsened since
12   he was diagnosed in 1995.  (*Id.*)  Finally, Plaintiff testified that he had never been
13   reprimanded by his boss for "messing up" or losing focus, as Dr. Beheshti proposes.
14   (*Id.* at 56, 485); *see Valentine v. Comm'r of Social Sec. Admin.*, 74 F.3d 685, 692
15   (9th Cir. 2009) (ALJ provided "specific and legitimate" reason for rejecting
16   contradicted opinion of treating physician where physician "repeatedly reported
17   [claimant] was unemployable" while claimant testified he was working full-time).

18       Second, the ALJ properly found that the opinions of Drs. Arey and Beheshti
19   that Plaintiff "is unable to perform any type of work . . . [are] opinion[s] on an issue
20   reserved to the Commissioner."  (AR at 32); *See Tonapetyan v. Halter*, 242 F.3d
21   1144, 1149 (9th Cir. 2001) (treating physician's opinion "is not binding on an ALJ
22   with respect to [] the ultimate determination of disability"); 20 C.F.R. §
23   416.927(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable
24   to work' does not mean that we will determine that you are disabled.").  In other

---

[2/] Plaintiff stopped working in 2008 because his license was suspended after he blacked out on a few occasions.  (AR at 26.)  Plaintiff returned to Domino's Pizza eight months later when he got his license back.  (*Id.*)  He testified that he has not blacked out since.  (*Id.* at 26, 52.)

3

1 words, the doctors' non-medical opinions that Plaintiff is unable to work are not
2 binding on the Commissioner.  (*See* AR at 485, 494.)
3     Accordingly, the ALJ properly rejected the opinions of Drs. Arey and
4 Beheshti.
5     B.    The ALJ's Rejection of Plaintiff's Credibility
6     Plaintiff next contends that the ALJ improperly rejected his credibility.  (Joint
7 Stip. at 7, 19-23.)  The Court disagrees.
8     An ALJ can reject a plaintiff's credibility "only upon (1) finding evidence of
9 malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*
10 *ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  "General findings
11 are insufficient; rather, the ALJ must identify what testimony is not credible and
12 what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d
13 821, 834 (9th Cir. 1995).
14     Here, the ALJ gave two valid reasons for rejecting Plaintiff's credibility.
15     First, the ALJ properly rejected Plaintiff's credibility because it contained
16 inconsistencies.  (AR at 28); *see Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir.
17 2002) (specifically listing inconsistent statements as a valid reason for discrediting a
18 claimant).  Plaintiff testified that his auditory hallucinations and paranoia preclude
19 all forms of employment.  (AR at 57, 59.)  However, as discussed above, Plaintiff
20 testified that his symptoms are no worse now than they were when he was working.
21 (*Id.*)  Further, Plaintiff's allegation of total disability conflicts with his Adult
22 Function Report.  (*See id.* at 236.)  There, Plaintiff wrote that there was nothing he
23 could do before his illness that he cannot do now.  (*Id.*)
24     Second, the ALJ properly found that Plaintiff's subjective complaints are
25 inconsistent with his conduct.  (AR at 21); *see Thomas*, 278 F.3d at 958-59
26 (inconsistency between the claimant's testimony and the claimant's conduct
27 supported rejection of the claimant's credibility).  Here, Plaintiff admits to normal
28 activities of daily living, including housework, preparing meals, and going for

drives. (*Id.* at 54.) For example, Plaintiff recently drove for two days to New Mexico, by himself, to pick up his brother. (*Id.*) Plaintiff also cares for his elderly father and runs errands for him. (*Id.* at 50.) Plaintiff partakes in many social activities. (*Id.* at 29.) He goes to movies, baseball games, and church. (*Id.* at 29, 405, 469). He participates in family gatherings. (AR at 474.) Plaintiff even took a cruise and a yoga class. (*Id.* at 418, 469.) Plaintiff's "ability to attend and enjoy these social activities . . . [is] inconsistent with the alleged disabling nature of his symptoms and diminishes the credibility of those allegations as a whole." (AR at 29); s*ee Valentine*, 574 F.3d at 694 (ALJ properly recognized that even if claimant's daily activities did not suggest that he could return to his prior work, they did show that the alleged severity of his limitations was exaggerated).

    C.    The ALJ's Rejection of Braun George's Layperson Testimony

Plaintiff also contends that the ALJ improperly rejected the lay testimony of his brother, Braun George. (Joint Stip. at 7, 19-21.) The Court disagrees.

"When an ALJ discounts the testimony of lay witnesses, 'he must give reasons that are germane to each witness.'" *Valentine*, 574 F.3d at 694 (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

Here, the ALJ gave two valid reasons for rejecting Braun George's testimony.

First, the ALJ properly rejected the majority of Braun George's testimony because it was not based on personal observations. (AR at 27, 70) (ALJ: "Have you personally seen [claimant's] problems manifest themselves?" Braun George: "Wow, gees, that's hard to describe, gees. Just the things, just the things he tells us."); *see Smolen v. Chater* 80 F.3d 1273, 1288 (9th Cir. 1996) ("the Commissioner will consider *observations* by nonmedical sources) (emphasis added) (*citing* 20 C.F.R. § 404.1513(e)(2)).

Second, the ALJ properly rejected Braun George's limited firsthand testimony because it echoes Plaintiff's subjective complaints. (AR at 27.) As described above, the ALJ properly found that Plaintiff's subjective complaints are not credible. *See*

5

1  *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir.2012) ("if the ALJ gives germane
2  reasons for rejecting testimony by one witness, the ALJ need only point to those
3  reasons when rejecting similar testimony by a different witness"); *Valentine*, 574
4  F.3d at 694 ("In light of our conclusion that the ALJ provided clear and convincing
5  reasons for rejecting [claimant's] own subjective complaints, and because
6  [layperson's] testimony was similar to such complaints, it follows that the ALJ also
7  gave germane reasons for rejecting her testimony.").

     For the above reasons, the Court finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

     Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: October 29, 2013

_____

Hon. Jay C. Gandhi
United States Magistrate Judge